ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeals of - | ) |
| | ) |
| North Wind Construction Services, LLC | ) ASBCA Nos. 63548, 63549, 63641 |
| | )                          63642, 63733, 63750 |
| | )                          63751, 63759, 63760 |
| | )                          63761, 63762 |
| | ) |
| Under Contract No. W91237-21-C-0003 | ) |

APPEARANCES FOR THE APPELLANT:      Dana W. Lang, Esq.
                                      Womble Bond Dickson (US) LLP
                                      Charleston, SC

                                      Joshua A. Mullen, Esq.
                                      Joshua R. Funderburke, Esq.
                                      Womble Bond Dickinson (US) LLP
                                      Nashville, TN

APPEARANCES FOR THE GOVERNMENT:      Michael P. Goodman, Esq.
                                      Engineer Chief Trial Attorney
                                      Matt D. Coakley, Esq.
                                      Joshua J. McCarroll, Esq.
                                      Jack D. Myers, Esq.
                                      Engineer Trial Attorneys
                                      U.S. Army Engineer District, Huntington

OPINION BY ADMINISTRATIVE JUDGE MELNICK GRANTING THE
GOVERNMENT'S MOTION TO DISMISS ASBCA NOS. 63548 AND 63549
AS MOOT

On July 15, 2021, the Army Corps of Engineers (government) awarded
North Wind Construction Services, LLC (NWCS), the contract identified above for the
design and construction of a seepage barrier at the Portsmouth, Ohio levee (ASBCA
Nos. 63548, 63549 compl. ¶¶ 5, 16).[1]  NWCS proposed a secant wall for the barrier
(compl. ¶ 15).  After NWCS began construction, the government claimed its work did
not meet contract specifications because there was no bonded interface between piles
and NWCS was required to employ joint cleaning procedures between bonded joints
(compl. ¶ 20).  NWCS believes that the contract specifications only required barriers

---

[1] This complaint, one of several from these consolidated appeals, is cited throughout
    unless otherwise indicated.

containing panel joints to have a bonded interface. It maintains that a secant wall is not composed of panels. (Compl. ¶¶ 21-26) Additionally, NWCS expected that permeability and strength would be tested from cores taken out of the solid mass of the piles, while the government directed the use of cores taken from the intersections of the primary and secondary piles (compl. ¶¶ 34-38).

On October 20, 2022, NWCS submitted non-monetary claims to the contracting officer for contract interpretation (compl. ¶ 45). On March 1, 2023, NWCS filed two notices of appeal from the contracting officer's decision that were docketed as ASBCA Nos. 63548 and 63549 and consolidated. The combined complaint seeks a declaration that NWCS' technical proposal, including its selection of a secant wall, was part of the contract. It also asks the Board to declare that use of a secant wall was not a deviation from the specifications and therefore did not require a variance, specifications applicable to a panel type wall were inapplicable to verifying the properties of a secant wall, and both permeability and strength could be measured through the solid portions of the piles. (Compl. ¶¶ 56, 63)

On July 21, 2023, after NWCS appealed its contract interpretation claims, the government terminated the contract for default (gov't mot. at 3; app. resp. at 3). NWCS appealed the default, which is docketed as ASBCA No. 63733 and consolidated with these appeals. Among the allegations NWCS advances in that appeal are that the government imposed the improper contract requirements that NWCS raised in the declaratory relief appeals (ASBCA No. 63733 compl. ¶¶ 49-77). Also consolidated here are NWCS' appeals from claims for the costs arising from a secant wall demonstration section, a haul road, and for associated government delays (ASBCA Nos. 63641, 63642, 63750, 63751, 63759, 63760, 63761, 63762).

Because the contract has now been terminated for default, the government asks us to dismiss as moot the two original appeals seeking declarations of the contract's terms (ASBCA Nos. 63548 and 63549).

It has long been recognized that this Board's Contract Disputes Act (CDA) jurisdiction includes granting declaratory relief when appropriate. *See* 41 U.S.C. §§ 7101-09; *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1269-70 (Fed. Cir. 1999). Actions seeking only a declaration of a contract's terms are potentially proper when additional contract performance remains to be accomplished, the costs of which might be affected by the ruling. As NWCS concedes, "a nonmonetary appeal should survive if a favorable ruling . . . results in the avoidance of costs rather than a recovery of money" (app. resp. at 7 (citing *J&J Maint., Inc.*, ASBCA No. 63013, 23-1 BCA ¶ 38,353)). Given that this contract has now been terminated, and there are no future performance costs that could be avoided, there is no purpose for these actions. For this reason, we have historically dismissed as moot appeals seeking a declaration of the terms of fully performed or terminated contracts. *See Windamir*

2

*Dev., Inc.*, ASBCA No. 63461, 24-1 BCA ¶ 38,484 at 187,045; *Shirley Constr. Corp.*, ASBCA No. 35868, 89-2 BCA ¶ 21,590 at 108,720; *Poysky Bros.*, ASBCA No. 33935, 87-3 BCA ¶ 20,180 at 102,146. The law also disfavors affording declaratory relief such as what NWCS seeks in these two appeals when standard legal remedies are available to adequately protect its interests. *See Securiforce Int'l Am., LLC v. United States*, 879 F.3d 1354, 1360-62 (Fed. Cir. 2018); *Alliant*, 178 F.3d at 1271-72.

NWCS' citation to *Tactical Network Corp.*, ASBCA No. 62963, 21-1 BCA ¶ 37,942, does not alter our conclusion. There, after a pro se appellant appealed to us the government's interpretation of its contract, the government terminated the contract for default. The appellant then filed a "motion to join" in the existing appeal seeking the Board to convert the termination for default to a termination for convenience. The Board treated the motion to join as a new notice of appeal challenging the default. It consolidated the appeals and declined the government's request to dismiss the declaratory action as moot, saying the issues it presented were relevant to the default. Instead of overturning our prior precedent dismissing appeals seeking declarations of the terms of terminated contracts, which it could not do, we view *Tactical Network* as limited to its circumstances, giving administrative leeway to a pro se appellant so that it could fully join the issues it sought to present. *See GLJ, Inc.*, ASBCA No. 62964, 22-1 BCA ¶ 38,121 at 185,184. NWCS is represented by counsel and does not require the kind of accommodation afforded to the pro se appellant in *Tactical Network*.

NWCS suggests that retention of these two appeals on our docket is also required by *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323 (Fed. Cir. 2010), to enable our review of the contract in its appeal of the termination for default, ASBCA No. 63733. *Maropakis* says that "a contactor seeking an adjustment of contract terms must meet the jurisdictional requirements and procedural prerequisites of the CDA, whether asserting the claim against the government as an affirmative claim or as a defense to a government action." 609 F.3d at 1331. Here, the default termination is a government claim that it bears the burden of proving justified. *See Securiforce*, 879 F.3d at 1363; *Incircle Mgmt., Inc.*, ASBCA No. 62684, 23-1 BCA ¶ 38,442 at 186,841. Challenges NWCS may make to the government's reading of the defaulted contract would not seek an adjustment to its terms. *Cf. ASFA Int'l Constr. Indus. and Trade, Inc.*, ASBCA No. 57880, 14-1 BCA ¶ 35,736 at 174,910-911 (holding *Maropakis* inapplicable to an assertion that contract rights were waived). Nothing in *Maropakis* requires NWCS to pursue separate appeals seeking declarations of the contract's provisions before NWCS may argue its meaning in an appeal of its default.

Nor would dismissal of these declaratory actions affect our review of NWCS' other consolidated appeals asserting government delay and pursuing monetary compensation.[2] They remain live and to the extent the contract interpretation issues raised in these two appeals are relevant to those matters NWCS remains free to present them for those purposes. NWCS retains its right to legal remedies that might be necessary to make it whole. Hence, its two original appeals seeking purely declaratory rulings about the parties' contract rights do not seek meaningful relief any longer. They are at best duplicative and therefore ASBCA Nos. 63548 and 63549 are dismissed from the consolidated action as moot.

Dated: February 13, 2024

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] Distinct from any arguments NWCS might wish to make in its challenge to the default about the requirements of the contract, we have held that under *Maropakis* a contractor contesting a default based upon excusable delay by the government must submit a claim for a time extension. *ECC CENTCOM Constructors, LLC*, ASBCA No. 60647, 18-1 BCA ¶ 37,133 at 180,713, *aff'd*, 779 F. App'x 750 (Fed. Cir. 2019). In ASBCA No. 63759, another of its consolidated appeals, NWCS appeals the alleged deemed denial of its claim for 305 days of government delay, at least facially indicating it has met the prerequisite to defend against the default on that basis.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63548, 63549, 63641, 63642, 63733, 63750, 63751, 63759, 63760, 63761, 63762, Appeals of North Wind Construction Services, LLC, rendered in conformance with the Board's Charter.

Dated: February 13, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals